**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

AGENCY INSURANCE COMPANY OF
MARYLAND, INCORPORATED,
Plaintiff-Appellant,

v.

MICHAEL L. SMITH,
Defendant-Appellee,

and

DAVID L. SEEKFORD; BOBBY RAY

DAVIS, JR., the personal
representative of Brian K. Davis,
deceased,
Defendants,

RONALD SHAWN GORDON, JR.,
Defendant & Third Party Plaintiff,

v.

WILLIAM TOSTEN,
Third Party Defendant.

No. 98-1187

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CA-97-63-3)

Submitted: July 31, 1998

Decided: September 3, 1998

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Michael Douglas Lorensen, BOWLES, RICE, MCDAVID, GRAFF
& LOVE, P.L.L.C., Martinsburg, West Virginia, for Appellant. D.
Michael Burke, BURKE & SCHULTZ, Martinsburg, West Virginia,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Agency Insurance Company of Maryland, Inc. (Agency) appeals
from the district court's order granting Appellee's motion to dismiss,
finding the amount in controversy insufficient to sustain its jurisdic-
tion under 28 U.S.C.A. § 1332 (West Supp. 1998). Finding no revers-
ible error, we affirm.

On July 26, 1995, Ronald Shawn Gordon, Michael Smith, and
David Seekford suffered a variety of injuries and Brian K. Davis died
when the vehicle they occupied was struck by a vehicle owned and
operated by William Tosten. Tosten's vehicle was insured through
Agency and it had policy limits of $20,000 per person and $40,000
per occurrence.*

After the parties were allegedly unable to reach a settlement,
Appellee Smith obtained a default judgment against Tosten in an
amount in excess of $300,000. As Tosten's insurer, Agency moved

_____

*The parties do not dispute that Tosten was the direct and proximate
cause of the accident.

2

in the Circuit Court of Berkeley County, West Virginia to have the default judgment set aside. The Circuit Court determined that the motion was untimely and dismissed the motion. Thereafter, Agency appealed the decision to the West Virginia Supreme Court. This appeal is now pending.

The district court dismissed this declaratory and interpleader action upon Smith's motion to dismiss for lack of subject matter jurisdiction, holding that Agency failed to set forth an amount in controversy in excess of $75,000. See § 1332. We review the district court's dismissal for lack of subject matter jurisdiction de novo. Tillman v. Resolution Trust Corp., 37 F.3d 1032, 1034 (4th Cir. 1994). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977). The question is whether the "value of the object of the litigation" in this action is the $40,000 policy limit as the district court found or the $300,000 default judgment as Agency argues. Agency relies on this Court's holding in Government Employees Ins. Co. (GEICO) v. Lally, 327 F.2d 568, 569 (4th Cir. 1964).

We find that Lally supports the district court's conclusion that the value of the object of this litigation is $40,000. In Lally, GEICO bought a declaratory judgment action seeking to limit its liability to $10,000 less medical payments already made. The appellants, however, in good faith, maintained that the policy limit was $30,000. The statutory jurisdictional threshold was $10,000. This Court found that the amount in controversy was determined by GEICO's maximum liability based on the limits of the policy, including good faith arguments as to the amount of that liability. Because the $30,000 limit as argued by appellants was above the statutory amount needed for federal jurisdiction, this Court found that federal jurisdiction existed.

Unlike the Lally case, Agency does not seek to establish the jurisdictional amount based on its policy, but rather on the underlying $300,000 judgment. Significantly, we note that in Lally, GEICO's insured was being sued in state court for an amount far in excess of the $10,000 jurisdictional amount. See id. at 569. This Court did not rely on that amount to determine the amount in controversy, however.

3

Consequently, we find to a "legal certainty" that the amount in controversy does not satisfy the $75,000 jurisdictional requirement.

We accordingly affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4